## A93A2267. ARROW COMPANY v. HALL.
(441 SE2d 794)

POPE, Chief Judge.
The issue presented in this workers' compensation case is whether participation as a member of the board by the ALJ, who decided the case below, constitutes reversible error in cases decided by the board before April 15, 1993.[1] Effective April 15, 1993, OCGA

---

[1] Arrow Company filed two enumerations of error on appeal. The second enumeration

§ 34-9-47 (b) was amended to provide that "an administrative law judge who served as the hearing officer in a case may not serve as a member of the board to review the same case on appeal."

In this case, claimant Thelma Hall filed a workers' compensation claim against her employer, the Arrow Company, on September 28, 1989. The case was assigned to ALJ Yvette Miller, who issued an award in this case on May 31, 1991. On June 30, 1992, that award was reversed by a majority of the board. By order dated September 2, 1992, the superior court affirmed the decision of the board on certain grounds and remanded the case to the board on another issue. By the time the board issued its second decision in this case on February 8, 1993, former ALJ Miller had been appointed as a member of the board. She participated in the decision of the board issued on that date, which vacated the board's prior award dated June 30, 1992 and made the award issued by Miller on May 31, 1991 the award of the board, with the exception that the reference to occupational disease was amended to reflect that medical expenses are payable for an injury by accident. By order dated May 14, 1993, the superior court affirmed the award of the board based on the any evidence standard and did not address specifically the issue raised on appeal to this court.

Although OCGA § 34-9-47 (b) was only recently amended to expressly preclude the situation presented on appeal, OCGA § 15-1-8 (a) (3) has long provided that "[n]o judge or Justice of any court, magistrate, nor presiding officer of any inferior judicature or commission shall: . . . (3) Sit in any case or proceeding . . . in which he has presided in any inferior judicature, when his ruling or decision is the subject of review, without the consent of all parties in interest." In this case, it is undisputed that after the case was remanded by the superior court to the board, the parties submitted the case to the board on briefs and no oral argument was held. Our review of the record does not reveal that disclosure was made to the parties that former ALJ Miller would participate in the decision as a member of the board. We reject claimant's argument that because the employer/insurer's counsel either knew or should have known that Miller had been appointed to the board the employer/insurer should have anticipated that Miller would participate in the board's decision, and therefore the employer/insurer has waived its right to challenge the board's

---

alleges the superior court erred in failing to reverse the award of the board dated February 8, 1993 on the ground that it requires the employer/insurer to pay medical bills which were incurred more than one year before the date of filing the claim in this case, September 28, 1989. In claimant's brief on appeal, she concedes that this enumeration of error is meritorious and stipulates that medical expenses for her compensable injury must be limited to medical expenses incurred after September 28, 1988.

decision on that basis. By requiring the consent of the parties, OCGA § 15-1-8 (a) (3) requires a *knowing* waiver. Certainly, if oral argument had been held upon remand to the board, and the employer/insurer failed to object to Miller's presence on the board at that point, claimant's argument would be valid. However, we decline to find waiver when, as here, the parties submitted the case to the board on briefs and the board did not disclose that Miller would be a participating member. This case is remanded to the superior court for further proceedings consistent with this decision.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 24, 1994 —
RECONSIDERATION DENIED MARCH 10, 1994.

*Wilson, Strickland & Benson, Warner R. Wilson, Jr., Samuel T. Brannan III*, for appellant.
*William L. Skinner, E. Neal Little, Jr.*, for appellee.